NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LYDIA C. DOVER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2146

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-2088, Senior Judge Mary J. Schoelen.

---

Decided: July 28, 2026

---

KATHERINE MUNYAN, Orrick, Herrington & Sutcliffe LLP, New York, NY, argued for claimant-appellant. Also represented by MELANIE L. BOSTWICK, Washington, DC; KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by

WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; MATTHEW ALBANESE, CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before REYNA, MAYER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Lydia C. Dover, the surviving spouse of veteran Jack E. Dover, appeals a decision of the United States Court of Appeals for Veterans Claims. That decision affirmed the Board of Veterans' Appeals' decision denying revision of a 1968 VA denial of service connection on the basis of clear and unmistakable error. For the reasons below, we *affirm-in-part* and *dismiss-in-part*.

I

Mr. Dover served honorably in the U.S. Navy from April 6, 1956, to February 17, 1960. In March 1968, Mr. Dover filed a claim with the U.S. Department of Veterans Affairs (VA) requesting service connection and compensation for, among other things, conditions resulting from an electrical shock sustained during service. In his application, Mr. Dover stated that he "received severe shock and electrical burns" on his right hand, feet, and back that resulted in limited use of his hand and heightened sensitivity and lesions on one of his fingers. J.A. 398. He also reported that skin growths had begun accumulating on his feet since he sustained the electrical shock. In connection with his claim for benefits, Mr. Dover underwent a VA medical examination and was diagnosed with burn scars on his right middle finger and multiple palmar and plantar hyperkeratosis. *See* J.A. 20 n.2 ("Hyperkeratosis is a thickening of the outer layer of the skin.").

On May 13, 1968, the VA issued a rating decision awarding service connection for the burns and scarring of

Mr. Dover's right middle finger but denying service connection for his hyperkeratosis. As was common at the time, the rating decision contained no explanation of the denial. Mr. Dover did not appeal the denial of service connection for multiple palmar and plantar hyperkeratosis, and the 1968 decision became final.

In March 2006, Mr. Dover requested the VA reopen his hyperkeratosis claim and submitted new and material evidence of service connection. In piecemeal decisions spanning three years, Mr. Dover was awarded service connections for hyperkeratosis of each of his feet and hands, and in February 2009 he was assigned a combined disability rating of 60% for his "diseases of keratinization." J.A. 368. However, these benefits were only effective as of March 23, 2006, the date the VA received Mr. Dover's request to reopen his claim on the basis of new and material evidence. Mr. Dover sought an earlier effective date by again requesting the VA reopen his 1968 claim, but this time suggesting the 1968 denial warranted revision on the basis of clear and unmistakable error (CUE).[1]

Among other requirements, to establish CUE a claimant must demonstrate either that "the correct facts, as they were known at the time, were not before the adjudicator," or that "the statutory or regulatory provisions extant at the time were incorrectly applied." *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008). Mr. Dover argued that the 1968 VA failed to apply 38 C.F.R. § 3.303(d), which allows a service connection for diseases diagnosed after service if

---

[1]    The procedural history of Mr. Dover's CUE claim is lengthy and involves four prior appeals to both the Board of Veterans' Appeals and the United States Court of Appeals for Veterans Claims. Given the complexity of this history, we recount only what is necessary to our review.

"all the evidence, including that pertinent to service, establishes that the disease was incurred in service."[2] Mr. Dover argued that because all evidence of record in 1968 favored a finding of nexus, the 1968 VA should have granted service connection.

As relevant here, the Board denied Mrs. Dover's[3] CUE claim on December 16, 2022, finding there was no evidence that the relevant law, including 38 C.F.R. § 3.303(d), was not applied. The Board first summarized the relevant evidence of record regarding whether Mr. Dover's hyperkeratosis was service connected. That evidence consisted only of Mr. Dover's own lay statements to his medical providers that he believed his hyperkeratosis was related to his inservice electrical shock. The Board next explained that because a medical professional participated in assessing Mr. Dover's 1968 claim, the VA was permitted to "assess the probative value of evidence in a way that it now cannot." J.A. 82–83. And while the 1968 VA's decision did not explain its weighing of the evidence, which was permissible in 1968, the Board found that it was "entirely plausible" that the 1968 VA, "with or without its medical expertise," simply assigned Mr. Dover's "lay nexus opinion no probative value." J.A. 83. As a result, the Board denied the CUE claim because the 1968 VA "could have reasonably determined that the evidence did not establish that the disease was incurred in service, as required by section 3.303(d)." J.A. 83.

---

[2]    The regulation presently in force is identical, in relevant part, to that in effect in 1968. *Compare* 38 C.F.R. § 3.303(d), *with* 26 Fed. Reg. 1561, 1579–80 (Feb. 24, 1961).

[3]    Mr. Dover died January 2013, and Mrs. Dover was permitted to substitute for purposes of processing his pending appeal to completion. *See Crews v. McDonough*, 63 F.4th 37, 39–40 (Fed. Cir. 2023); 38 U.S.C. § 5121A.

Mrs. Dover appealed to the Veterans Court, which affirmed in June 2024. *See Dover v. McDonough*, No. 23-2088, 2024 WL 2873523, at *1 (Vet. App. June 7, 2024) (*Decision*). In relevant part, the Veterans Court rejected Mrs. Dover's argument that the Board's CUE denial rested on an erroneous interpretation of the evidentiary requirements for establishing a nexus between Mr. Dover's hyperkeratosis condition and his in-service electrical shock injury. Mrs. Dover timely appealed.

II

Our jurisdiction over appeals from Veterans Court decisions is governed by 38 U.S.C. § 7292. While we may review the Veterans Court's decision regarding legal issues, we generally may not review challenges to its factual determinations or its application of law to the facts of a specific case. *See* 38 U.S.C. § 7292(a), (d).

On appeal, Mrs. Dover raises two main arguments. First, she argues that the Veterans Court erred by failing to recognize that the Board's decision rested on an interpretation of the 1968 VA's decision that contains an error of law sufficient to establish CUE. Second, Mrs. Dover argues that even absent the Board's erroneous rationale, its decision to deny CUE is still unsupportable because all evidence in the 1968 record suggested that Mr. Dover's hyperkeratosis was service connected. We address each argument in turn.

As to the first issue, Mrs. Dover's argument is that the Board's denial of CUE rested on the imposition of a legally erroneous requirement that service connection must be established via *medical* evidence, which she suggests is impermissible under 38 U.S.C. § 1131. Mrs. Dover argues that the Board interpreted the 1968 decision as categorically discounting Mr. Dover's lay evidence of service connection merely because it was not corroborated by any medical evidence. And she contends that, as a result, the Board's CUE denial and the Veterans Court's affirmance

were erroneous because the law was clear in 1968 that lay evidence of service connection must be considered even in the absence of corroborating medical evidence. We need not reach this argument, however, because we disagree with Mrs. Dover's fundamental characterization of the Board's decision.

Nothing in the Board's December 2022 decision compels the conclusion that it interpreted the 1968 decision as discounting Mr. Dover's lay opinion of nexus solely because it was not corroborated by medical evidence. Consequently, the Veterans Court did not err by failing to recognize an error that does not exist. Mrs. Dover argues that the following statement from the Board indicates that it categorically discounted Mr. Dover's lay evidence: "The only evidence of a nexus . . . was the Veteran's contention . . . . There was no medical evidence of such a link." J.A. 82; *see* Appellant Br. 28. But we disagree with that interpretation. Rather, the Board was simply cataloging the evidence of record in 1968, which included its observation that there existed some lay evidence of nexus and no medical evidence. *See* J.A. 82 ("The evidence of record at the time of the May 1968 rating decision . . . ."). The Board then held as a factual matter that it was plausible that the 1968 VA, with or without the expertise of its medical member, simply "assigned the Veteran's lay nexus opinion no probative value." J.A. 83. That finding is not equivalent, as Mrs. Dover suggests, to the Board adopting the position that the 1968 VA assigned the lay nexus opinion no value as a general rule because it was not corroborated by medical evidence. Because Mrs. Dover's argument rests on a mischaracterization of the Board's decision, we need go no further in our analysis.[4] For this reason, we reject Mrs. Dover's first argument.

---

[4]    Mrs. Dover also argues that the Veterans Court erred by (1) ignoring her argument that the Board's CUE

Mrs. Dover's second contention is that the Board's CUE denial is nonetheless "unsupportable" absent its purported reliance on the lack of medical evidence to deny service connection. Appellant Br. 33. Specifically, Mrs. Dover argues that because the only nexus-related evidence of record in 1968—i.e., Mr. Dover's lay statements to his physician—favored granting service connection, the Board's CUE denial can be justified only by assuming the 1968 VA impermissibly ignored all the evidence before it. As an initial matter, we do not understand the Board's decision as suggesting the 1968 VA ignored evidence of record or discounted Mr. Dover's lay evidence because it was not supported by other evidence. Indeed, the Board explicitly found that the 1968 VA "considered the evidence of record." J.A. 83. And the Board explained that the 1968 VA "could have reasonably determined that the evidence did not establish that

---

denial rested on the erroneous imposition of a requirement of medical evidence in violation of 38 U.S.C. § 1131, and (2) dismissing this court's decision in *Spicer v. McDonough*, 61 F.4th 1360 (Fed. Cir. 2023), as inapplicable based on the erroneous conclusion that it applies only to 38 U.S.C. § 1110 and "has not been applied to section 1131." Appellant Br. 29–30 (quoting *Decision*, 2024 WL 2873523, at *5). As to the first allegation of error, we note that a "litigant's right to have all issues fully considered and ruled on by the appellate court does not equate to a right to a full written opinion on every issue raised." *Bernklau v. Principi*, 291 F.3d 795, 801 (Fed. Cir. 2002) (citation omitted). As to the second, while the Veterans Court did err in its characterization of *Spicer*, which was explicitly a section 1131 case, that error is harmless. Because our decision today makes clear that the Board did not deny CUE by permitting the VA to categorically exclude uncorroborated lay evidence, Mrs. Dover's assignments of error that presuppose otherwise lack merit.

the disease was incurred in service." J.A. 83. This suggestion that Mr. Dover's lay evidence may have failed to persuade the 1968 VA of service connection is a finding regarding the sufficiency of the evidence that this court may not review. Because we cannot address this argument without assessing the underlying record and reviewing factual determinations, we dismiss this portion of Mrs. Dover's appeal for lack of jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

## III

We have considered the parties' remaining arguments and find them unpersuasive. For the reasons above, we *affirm-in-part* and *dismiss-in-part*.

### AFFIRMED-IN-PART, DISMISSED-IN-PART

COSTS

No costs.